# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-675V

| | |
|---|---|
| PATRICIA VANCE, | UNPUBLISHED |
| Petitioner, | |
| v. | Special Master Katherine E. Oler |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Filed: June 9, 2021 |
| | Interim Attorneys' Fees and Costs |
| Respondent. | |

*Mark Sadaka*, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner
*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On June 29, 2015, Patricia Vance ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq*.[2] (the "Vaccine Act" or "Program") alleging she suffered from a "vaccine caused rheumatoid arthritis and poly arthritis" from the influenza ("flu") vaccine she received on October 29, 2012. Pet. at 1, ECF No. 1.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I intend to post this Decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). **This means the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa-10–34 (2012)) (hereinafter "Vaccine Act" or "the Act"). All subsequent references to sections of the Vaccine Act shall be to the pertinent subparagraph of 42 U.S.C. § 300aa.

1

On September 4, 2020, Petitioner file an application for interim attorneys' fees and costs totaling $67,450.16.³ *See* Fees App. at 3, ECF No. 88. Respondent failed to file a response to Petitioner's Fee Application. On October 16, 2020, Petitioner filed a reply noting Respondent's lack of response and requested the Court grant her application for interim fees. Fees Reply, ECF No. 91.

For the reasons discussed below, I hereby **GRANT** Petitioner's application and award a total of $67,450.17 in attorneys' fees and costs.

I. **Legal Standard**

A. **Interim Attorneys' Fees and Costs**

The Federal Circuit has held that an award of interim attorneys' fees and costs is permissible under the Vaccine Act. *Shaw v. Sec'y of Health & Hum. Servs.,* 609 F.3d 1372 (Fed. Cir. 2010); *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343 (Fed. Cir. 2008). In *Cloer*, the Federal Circuit noted that "Congress [has] made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act." *Cloer v. Sec'y of Health & Hum. Servs.*, 675 F.3d 1358, 1361-62 (Fed. Cir. 2012).

In *Avera,* the Federal Circuit stated, "[i]nterim fees are particularly appropriate in cases where proceedings are protracted, and costly experts must be retained." *Avera*, 515 F.3d at 1352. Likewise, in *Shaw,* the Federal Circuit held that "where the claimant establishes that the cost of litigation has imposed an undue hardship and there exists a good faith basis for the claim, it is proper for the special master to award interim attorneys' fees." 609 F.3d at 1375. *Avera* did not, however, define when interim fees are appropriate; rather, it has been interpreted to allow special masters discretion. *See Avera*, 515 F.3d; *Kirk v. Sec'y of Health & Hum. Servs.*, No. 08-241V, 2009 WL 775396, at *2 (Fed. Cl. Spec. Mstr. Mar. 13, 2009); *Bear v. Sec'y of Health & Hum. Servs.*, No. 11-362V, 2013 WL 691963, at *4 (Fed. Cl. Spec. Mstr. Feb. 4, 2013). Even though it has been argued that a petitioner must meet the three *Avera* criteria -- protracted proceedings, costly expert testimony, and undue hardship -- special masters have instead treated these criteria as possible factors in a flexible balancing test. *Avera*, 515 F.3d at 1352; *see Al-Uffi v. Sec'y of Health & Hum. Servs.*, No. 13-956V, 2015 WL 6181669, at *7 (Fed. Cl. Spec. Mstr. Sept. 30, 2015).

A petitioner is eligible for an interim award of reasonable attorneys' fees and costs if the special master finds that a petitioner has brought his petition in good faith and with a reasonable basis. §15(e)(1); *Avera*, 515 F.3d at 1352; *Shaw*, 609 F.3d at 1372; *Woods v. Sec'y of Health & Hum. Servs*, 105 Fed. Cl. 148 (2012), at 154; *Friedman v. Sec'y of Health & Hum. Servs.*, 94 Fed. Cl. 323, 334 (2010); *Doe 21 v. Sec'y of Health & Hum. Servs.*, 89 Fed. Cl. 661, 668 (2009); *Bear*, 2013 WL 691963, at *5; *Lumsden v. Sec'y of Health & Hum. Servs.*, No. 97-588V, 2012 WL 1450520, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2012). The undue hardship inquiry looks at more than just financial involvement of a petitioner; it also looks at any money expended by a petitioner's counsel. *Kirk*, 2009 WL 775396, at *2. Referring to *Avera*, former Chief Special

---
³ Petitioner requests $53,859.15 for attorneys' fees and $13,591.02 for costs, which totals $67,450.17.

Master Golkiewicz in *Kirk* found that "the general principle underlying an award of interim fees [is] clear: avoid working a substantial financial hardship on petitioners and their counsel." *Id*.

### B. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Hum. Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Hum. Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Hum. Servs.*, 36 Fed. Cl. 114, 121 (1996). Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Hum. Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

### C. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7. Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Hum. Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014). The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286. The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290; *see also Turpin v. Sec'y Health & Hum. Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Hum. Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in

3

determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Hum. Servs.*, 138 Fed. Cl. 282, 289 (2018).

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Hum. Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Hum. Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Hum. Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Hum. Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

## II. Discussion

### A. Undue Financial Hardship

Counsel for Petitioner has worked on this case since 2012; further, Petitioner's counsel has expended funds to submit an expert report from Dr. Yehuda Shoenfeld and anticipates this case going to an entitlement hearing. *See* Fees App. at 1; Ex. 16. Respondent has not filed any opposition to this fees application, thus I find it reasonable to award interim fees and costs at this juncture to avoid undue financial hardship.

### B. Good Faith and Reasonable Basis

As discussed above, the threshold for reasonable basis is a much lower standard than the burden to prove entitlement to compensation by preponderant evidence. In making a reasonable basis determination, I must look at a totality of circumstances, taking into account the factual basis for the claim, and the medical and scientific support offered. Petitioner has filed extensive medical records and an expert report written by Dr. Yehuda Shoenfeld. *See* Exs. 1-5, 7-15, 18-21; Ex. 16. Dr. Shoenfeld is an expert in immunology and has opined in the Program before. *See* Ex. 17. With the medical records and expert report provided, such evidence is sufficient to justify the filing of this Petition, thus I find the petition was filed in good faith with a reasonable basis.

### C. Attorneys' Fees

Petitioner requests a total of $53,859.15 in attorneys' fees. *See* Fees App., Ex. A at 29.

1. Reasonable Hourly Rate

A reasonable hourly rate is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of [P]etitioner's attorney." *Rodriguez v. Sec'y of Health & Hum. Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).

*McCulloch* provides the framework for determining the appropriate compensation for attorneys' fees based upon the attorneys' experience. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09–293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[4]

Petitioner's counsel, Mr. Mark Sadaka requests to be compensated at an hourly rate of $337.05 for 2012-2013; $350.00 for 2014-2015; $362.95 for 2016, $376.38 for 2017; $396.00 for 2018; $405.00 for 2019; and $422.00 for 2020. Fees App. at 4. Petitioner also requests an hourly rate of $125.19 for 2012; $130.01 for 2013; $135.00 for 2014-2015; $140.00 for 2016; $145.17 for 2017; $150.55 for 2018; $156.00 for 2019; and $163.00 for 2020 for paralegal work performed by Latashia Vauss, Keri Congiusti, Melina Fotios, and Michele Curry. Fees App. at 4. This request is consistent with what I and other special masters have previously awarded Mr. Sadaka and his paralegals in the Program. *See, e.g., Brunson on behalf of T.A. v. Sec'y of Health & Hum. Servs.*, No. 17-530V, 2021 WL 851085 (Fed. Cl. Spec. Mstr. Jan. 29, 2021); *Nemmer v. Sec'y of Health & Hum. Servs.*, No. 17-1464V, 2020 WL 1910695 (Fed. Cl. Spec. Mstr. Feb. 20, 2020); *Nelson v. Sec'y of Health & Hum. Servs.*, 15-615V (Fed. Cl. Spec. Mstr. Jan. 22, 2018); *Pasquinelli v. Sec'y of Health & Hum. Servs.*, No. 14-1156V, 2017 WL 6816707 (Fed. Cl. Spec. Mstr. Dec. 13, 2017); *Rolshoven v. Sec'y of Health & Hum. Servs.*, No. 14-439V, 2017 WL 5472577 (Fed. Cl. Spec. Mstr. Oct. 19, 2017); *Ladue v. Sec'y of Health & Hum. Servs.,* No. 12-553V, 2018 WL 6978075 (Fed. Cl. Spec. Mstr. Dec. 14, 2018*).* Accordingly, I find the requested rates to be reasonable and that no adjustment is warranted.

2. Hours Reasonably Expended

---

[4] The 2015–2016 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.
The 2017 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.
The 2018 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf.
The 2019 Fee Schedule can be accessed at:
http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.
The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton ex rel. Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1522 (Fed. Cir. 1993). In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming the special master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Hum. Servs.*, 38 Fed. Cl. 403, 406 (1997) (affirming the special master's reduction of attorney and paralegal hours). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *See O'Neill v. Sec'y of Health & Hum. Servs.*, No. 08–243V, 2015 WL 2399211, at \*9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *See, e.g., McCulloch*, 2015 WL 5634323, at \*26.

Petitioner's counsel has provided a breakdown of hours billed and costs incurred. Fees App., Ex. A. 1-29. I find the hours to be reasonable, thus I grant them in full.

Total attorneys' fees to be awarded: **$53,859.15.**

**D. Reasonable Costs**

Petitioner requests a total of $13,591.02 in costs, which includes Dr. Shoenfeld's expert fees, obtaining medical records and other documents, the Court's filing fees, and postage costs.

1. Petitioner's Expert Costs

Petitioner requests costs for the work performed by Dr. Yehuda Shoenfeld, at a rate of $500.00 per hour, for a total of $11,500.00. *See* Fees App., Ex. A at 30-31; Fees App., Ex. B at 25. I have previously awarded Dr. Shoenfeld's requested hourly rate (as have other special masters) and I see no reason to disturb such a request. *See Phillips v. Sec'y of Health & Hum. Servs.*, No. 16-906V, 2019 WL 3409975 (Fed. Cl. Spec. Mstr. May 16, 2019); *see also Schultz v. Sec'y of Health & Hum. Servs.*, No. 16-539V, 2019 WL 5095634 (Fed. Cl. Spec. Mstr. Aug. 15, 2019) (granting Dr. Shoenfeld's requested hourly rate of $500.00; mot. for reconsideration denied); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 14-254V, 2018 WL 3991262 (Fed. Cl. Spec. Mstr. Jul. 3, 2018); *Garner v. Sec'y of Health & Hum. Servs.*, No. 15-63V, 2017 WL 6888834 (Fed. Cl. Spec. Mstr. Nov. 2, 2017) (granting Petitioner's requested fees and costs in full, including Dr. Shoenfeld's hourly rate of $500.00). I also find the time Dr. Shoenfeld billed to complete his work on this case was reasonable. Accordingly, I award Dr. Shoenfeld's expert costs in full.

2. Miscellaneous Costs

Petitioner requests costs for obtaining medical records and other documents, mailing costs, and the Court's filing fee, which total $2,091.02.

Petitioner provided documentation for all costs, except postage expenses. These postage expenditures parallel the United States postage prices throughout the years and do not seem unreasonable. Thus, I award Petitioner's requested costs in full.

Total costs to be awarded: $13,591.02.

### III. Conclusion

Accordingly, in the exercise of the discretion afforded to me in determining the propriety of interim fee and cost awards, and based on the foregoing, I **GRANT** Petitioner's application, as follows:

A lump sum in the amount of **$67,450.17**, representing reimbursement of Petitioner's interim attorneys' fees and costs in the form of a check jointly payable to Petitioner and her attorney, Mark Sadaka.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master

---

[5] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.