# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-675V
(Unpublished)

| | |
|---|---|
| PATRICIA VANCE, | Special Master Katherine E. Oler |
| Petitioner, | |
| v. | Filed: July 19, 2022 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Petitioner's Motion for a Decision; Dismissal of Petition; Vaccine Act. |
| Respondent. | |

*Mark Sadaka*, Law Offices of Sadaka Associates, LLC, Englewood, NJ, for Petitioner
*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent

## DECISION DISMISSING PETITION[1]

### I.   Procedural History

On June 29, 2015, Patricia Vance ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program,[2] alleging that she suffered from vaccine-caused rheumatoid arthritis and polyarthritis that was either "caused-in-fact" or in the alternative, significantly aggravated by the influenza vaccination she received on October 29, 2015. Pet. at 1. Petitioner filed a statement of completion on March 9, 2016. ECF No. 28.

On April 13, 2016, Respondent filed a Rule 4(c) Report. ECF No. 31.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On April 13, 2017, Petitioner filed an expert report written by Dr. Yehuda Shoenfeld. Ex. 16, re-filed on October 26, 2020. On August 23, 2017, Respondent filed an expert report written by Dr. Mehrdad Matloubian. Ex. A.

This case was reassigned to my docket on December 5, 2017. ECF No. 61.

On April 22, 2020, Respondent filed a supplemental expert report from Dr. Matloubian after he received additional medical records. Ex. Q. Dr. Matloubian filed another expert report on March 15, 2021. Ex. S.

On May 15, 2021, Petitioner filed a status report indicating she would like to file a supplemental expert report. ECF No. 95. Petitioner subsequently filed numerous motions for an extension of time, which I granted. *See* ECF Nos. 100-105.

On March 11, 2022, I held a status conference with parties in which I informed the parties I did not believe there was a viable path forward for Petitioner. *See* Scheduling Order on 3/16/2022, ECF No. 106. I gave Petitioner until April 15, 2022 to file a status report indicating how she would like to proceed given my views of this case. *See id.*

On April 15, 2022, Petitioner filed a status report informing me that she wished to withdraw her case but had not yet sent her attorney all the required paperwork to file a motion to dismiss and requested 30 days to file the motion to dismiss or an update to the Court. ECF No. 107. I granted Petitioner's request. *See* non-PDF Scheduling Order on 4/18/2022.

On May 16, 2022, Petitioner filed a motion for an extension of time, which I granted. *See* ECF No. 108; *see also* non-PDF Scheduling Order on 5/18/2022.

On June 15, 2022, Petitioner's counsel filed a status report stating he had attempted to follow up with his client multiple times after the March 11, 2022 status conference to finalize Petitioner's motion to dismiss but had been unable to reach his client. ECF No. 109.

On June 17, 2022, I held a status conference with the parties to discuss Petitioner's status report. *See* Minute Entry on 6/17/2022; Scheduling Order on 6/17/2022. I set a new deadline for Petitioner to file an affidavit indicating whether she wanted to pursue her case. *See* Scheduling Order on 6/17/2022. If Petitioner did not file an affidavit, an Order to Show Cause would be issued next. *See id.*

Petitioner filed the instant motion to dismiss her claim on July 18, 2022, stating:

> [Petitioner] respectfully moves for a decision by the Special Master dismissing her case. Petitioner understands that a decision by the Special Master dismissing her petition will result in judgment against her. Petitioner has been advised that such a judgment will end all of her rights in the Vaccine Program…. Petitioner does intend to protect her rights to file a civil action in the future. Therefore, pursuant to 42 U.S.C. § 300aa-12(a)(2), she intends to elect to reject the Vaccine Program judgment against her and elect to file a civil action.

2

Pet'r's Mot., ECF No. 111.

## II. Conclusion

To receive compensation in the Vaccine Program, a petitioner must prove either (1) that she suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to her vaccination, or (2) that she suffered an injury that was actually caused by a vaccine. *See* §§ 13(a)(1)(A) and 11(c)(1). Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on her claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert. § 13(a)(1). In this case, however, there is insufficient evidence in the record for Petitioner to meet her burden of proof. Petitioner's claim therefore cannot succeed and, in accordance with her motion, must be dismissed. § 11(c)(1)(A).

As such, **IT IS ORDERED THAT**,

Petitioner's motion for a decision dismissing her petition is **GRANTED** and the petition is hereby **DISMISSED. The Clerk shall enter judgment accordingly.**

Any questions regarding this Order may be directed to my law clerk, Sydney Lee, by telephone at 202-357-6347, or by email at Sydney_Lee@cfc.uscourts.gov.

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master
